**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| HENRY KORZEB JR., et al.,<br><br>     Plaintiff,<br><br>v.<br><br>THE HUBS, INC., et al.,<br><br>     Defendants. | Civil Action No.<br><br>2:14-cv-5003-SDW-SCM<br><br><br>**ON PLAINTIFFS' MOTION TO REMAND [D.E. 10]** |

**REPORT AND RECOMMENDATION**

STEVEN C. MANNION, United States Magistrate Judge.

I.  **INTRODUCTION**

   This matter comes before the Court upon Motion to Remand this Case to state court by plaintiff Henry Korzeb, Jr. ("Plaintiff"). (ECF Docket Entry No. ("D.E.") 10). Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Susan D. Wigenton, United States District Judge, referred this motion to the undersigned for report and recommendation. (D.E. 20).  Oral argument was not held.  Having reviewed and considered the arguments made by the parties in their respective submissions, it is respectfully recommended that Plaintiff's Motion to Remand be **GRANTED.**

1

**II.   BACKGROUND AND PROCEDURAL HISTORY**

This action arises from an alleged assault that took place at a men's social club, The Hubs, Inc. ("The Hubs"). (D.E. 1-2, Compl.). On June 25, 2014, then p*ro Se* Plaintiff filed his seven count complaint against defendants, Neil Teuber ("Mr. Teuber"), The Hubs, Inc., Chris Lyons ("Mr. Lyons"), and several fictitious defendants in the Middlesex County Superior Court of New Jersey. *Id.*

Plaintiff alleged the following: (1) Mr. Lyons assaulted him without provocation at The Hubs as Plaintiff was running for president of the social club; (2) Mr. Teuber, acting President of The Hubs, and the fictitious defendants allowed alcohol to be served beyond a normal amount; (3) Mr. Teuber and The Hubs violated their liquor license authority by allowing their agents, servants, and/or employees to serve members of the club without proper training in recognizing intoxication of its members; (4) All Defendants violated Plaintiff's right to free speech "by placing harm upon plaintiff while plaintiff was in the mist [sic] of a Political Campaign by allowing defendant, (Lyons) to carry out his ill gotten plan of attack" (*see* Count 4); (5) Mr. Teuber and The Hubs violated their charter's own rules, regulations, and by laws by permitting, engaging, and encouraging their agents, servants and/or employees to over-

2

serve members without any supervision over the agents, servants, and/or employees; (6) All Defendants violated Section 111 paragraph 13 of the Rules for The Hubs by not reporting the threatening actions of Mr. Lyons in a timely manner and allowing him to engage in a vicious act upon Plaintiff; and (7) All defendants failed to prevent Mr. Lyons' assault. *See id*.

On August 8, 2014, Defendants removed this action to federal court on the grounds of federal question jurisdiction, based on the allegation that Defendants violated Plaintiff's First Amendment rights under the United States Constitution. (D.E. 1, Notice of Removal at ¶¶ 8 and 9).

On December 24, 2014, an attorney appeared in this action on behalf of Plaintiff. (D.E. 9). On January 6, 2015, Plaintiff sought to file an amended complaint while filing his Motion to Remand. (D.E. 10-1, Proposed Compl.).

The proposed amended complaint abjured the allegations regarding intoxication. *See id*. It also eliminated Count 4, which pertained to the First Amendment right to free speech allegations. *Id.* The proposed amended complaint included eight counts, as follows: (1) assault and battery against Mr. Lyons; (2) negligence against Mr. Lyons; (3) negligence against The Hubs; (4) negligence of Mr. Teuber; (5) reckless, needless and wanton misconduct against all Defendants; (6) *respondeat*

3

superior – vicarious liability – agency; (7) Negligent hiring, negligent supervision, and negligent retention; and (8) Failure to provide a safe and secure environment as to fictitious parties. *See* (D.E. 10).

On April 15, 2015, Plaintiff filed a Consent Order indicating that the parties consented to the filing of the proposed amended complaint,[1] and the Amended Complaint was filed. (D.E. 24, Amended Compl.).

### III. DISCUSSION AND ANALYSIS

#### A. Legal Standard

As a preliminary matter, a district court has subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States," pursuant to 28 U.S.C. § 1331. A claim "arises under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-8 (1983).

A civil action brought in state court may be removed to federal court if the federal court has original jurisdiction to

4

hear the matter. 28 U.S.C. § 1441(a). A district court has original jurisdiction over an action when there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 or when there is federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Cabibbo v. Parsons Inspection & Maintenance Corp.*, 09-3213(DRD), 2009 WL 3074731, at *3 (D.N.J. Sept. 23, 2009). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (internal citations omitted).

Where a case has been removed to federal court on the basis of federal question jurisdiction, a district court may remand the case back to state court when all federal claims have been dropped and only pendent[2] state law claims remain. *Monk v. New Jersey,* No. 14-1399, 2014 WL 4931309, at *3 (D.N.J. Oct. 2, 2014) (internal citations omitted); *see also Carnegie-Mellon*

---

[1] The Court signed the Consent Order allowing the filing of the Amended Complaint on May 19, 2015. (D.E. 33, Consent Order).

[2] "Pendent jurisdiction…exists whenever there is a claim 'arising under (the) Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority…,' U.S. Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

5

*Univ. v. Cohill*, 484 U.S. 343, 347 (1988). A district court "may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).[3] "The general approach is for a district court to ... hold that supplemental jurisdiction should not be exercised when there is no longer any basis for original jurisdiction." *Schaffer v. Twp. of Franklin,* Civ. No. 09-347, 2010 WL 715349, *1 (D.N.J. Mar. 1, 2010).

In this District, courts have declined to exercise supplemental jurisdiction over state law claims where the federal claims were eliminated by amendment, and the action was in its early stages. *See*, *e.g.*, *Alicea v. Outback Steakhouse, et al.*, 10-4702(JLL), 2011 WL 2444235 (D.N.J. June 9, 2011) and 2011 WL 1675036 (D.N.J. May 3, 2011) (declining to exercise supplemental jurisdiction and remanding the action where

---

[3] The supplemental jurisdiction statute, *i.e.*, 28 U.S.C. § 1367, codified the pendent jurisdiction doctrine in *Gibbs*. The statute provides that

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy…The district courts may decline to exercise supplemental jurisdiction over a claim if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are compelling reasons for declining jurisdiction.

6

Plaintiff amended complaint and dropped federal claims); *Bonanni v. Purdy*, No. 13-6212(JBS/AMD), 2013 WL 6579129, at *2 (D.N.J. Dec. 13, 2013) (remanding and declining to retain supplemental jurisdiction where Plaintiff amended complaint to eliminate federal claim where initial reference to federal claim was allegedly inadvertent); *Pacheco v. Rosenberg*, No. 12-4513-ES-SCM, 2013 WL 588246 (D.N.J. Feb. 13, 2013) and 2013 WL 588225, at *5 (D.N.J. Jan. 24, 2013) (remanding the action and decline to exercise supplemental jurisdiction over state claims, where party voluntarily dismissed federal claims); *Cabibbo*, 2009 WL 3074731, at *7 (remanding the action after Plaintiff amended complaint to leave only state law claims). *See also Andre Simmons v. New Jersey Dept. of Corrections*, No. 14-7205 (FLW), 2015 WL 3488137, *4 (D.N.J. June 2, 2015) ("Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.").

While courts consider the possibility of forum manipulation when a party drops or dismisses its federal claims, this is "but one factor to be considered among the factors of economy, convenience, fairness, and comity." *See Cabibbo*, 2009 WL 3074731, at *7 (citing *Carnegie–Mellon Univ. v. Cohill,* 484 U.S.

---

28 U.S.C. § 1367(a) and (c).

7

343, 357 (1988)). In *Cabibbo*, the court remanded an action despite defendants' suggestion that plaintiff's withdrawal of preempted claims after removal constituted forum manipulation. *Id.* at *7. The court noted that, in withdrawing the claims, plaintiff may have realized that those claims were unlikely to succeed. *Id.* The court also noted that it had not expended substantial resources on the case; the case was in its initial phases; and plaintiff was attempting to vindicate substantive state rights independent of the former claims. *Id.*

### B. Analysis

The issue before the Court is whether it should exercise supplemental jurisdiction over the state law claims in this case now that it no longer has subject matter jurisdiction over the action. As an initial matter, the Court no longer has subject matter jurisdiction over this case because the Complaint was amended upon consent to eliminate the First Amendment free speech federal claim. The Court also does not have diversity jurisdiction because both the Plaintiff and Defendant The Hubs, Inc. are citizens of New Jersey.

Because the Court has been divested of subject matter jurisdiction over the action, it must determine whether to exercise its discretion to adjudicate claims over which it has

supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). The facts and circumstances lean heavily in favor of remand and it is respectfully recommended that the Court decline to exercise supplemental jurisdiction over this action.

First, the Court finds that Plaintiff did not engage in manipulative tactics to change the forum. Plaintiff, prior to obtaining representation, drafted a *pro se* Complaint alleging that Defendants, all non-governmental actors, violated his First Amendment right to free speech by allowing Mr. Lyons to assault him while Plaintiff was campaigning for social club president. After Plaintiff obtained an attorney, he sought to amend the complaint to correct many deficiencies that were present in the initial *pro se* pleading. This case can be compared to *Cabibbo*, where the court remanded the case after only postulating that plaintiff may have realized that particular claims were unlikely to succeed, where the other factors favored remand. In this action, in contrast, Plaintiff amended the complaint and sought remand after making an actual determination that Count 4 was insufficient. See (D.E. 17, Pl. Reply Br. at 3); *Cabibbo*, 2009 WL 3074731, at *7.

The Court finds that the Amended Complaint was a result of an attorney entering a case and determining that the *pro se*

9

Complaint was insufficient in many regards,[4] rather than stemming from a forum-manipulating motivation.  Most importantly, the elimination of Count 4 (i.e., First Amendment free speech violation) was a result of the attorney determining that Count 4 was insufficient.  *See* (D.E. 17, Pl. Reply Br. at 3).  The Court finds that this determination was reasonable rather than a manipulative tactic designed to eliminate a cognizable claim, as the First Amendment right to free speech does not protect individuals from the actions of private entities or individuals, and none of the Defendants in this action are governmental actors.  *See Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982) ("Although Title VII ... govern[s] action by private parties making personnel decisions, it is fundamental that the First Amendment prohibits *governmental* infringement on the right of free speech.") (emphasis added).

Second, the factors of economy and convenience weigh in favor of remand.  As with many of the cases in this District in which courts declined to exercise supplemental jurisdiction, this case is in its initial stages.  *See Freund v. Florio*, 795 F. Supp. 702, 710 (D.N.J. 1992) ("[a]t this early stage in the

---

[4] The *pro se* Complaint was insufficient in many ways.  First, it failed to provide factual allegations regarding jurisdiction.  Second, in each count, *pro se* Plaintiff failed to specify the legal claims for which Plaintiff is seeking relief, and the specific Defendants who Plaintiff is asserting the claims against.  Third, its allegations as to certain claims were factually insufficient.

10

litigation, dismissal of the pendent state claims in a federal forum will result in neither a waste of judicial resources nor prejudice to the parties."). The parties have not engaged in any litigation before this Court, aside from filing this Motion to Remand and a Motion to Amend, which was later made moot by the parties' consent. There has not been a Rule 16 conference and no discovery has taken place. One of the defendants, Mr. Teuber, has not filed an Answer yet.

Third, the factor of fairness weighs in favor of remand. Defendants consented to the filing of the Amended Complaint, which eliminated the federal count and deprived the action of federal question jurisdiction. The initial inclusion of Count 4 in the *pro se* Complaint appears to have been a good faith effort by a *pro se* plaintiff to include all the possible claims he could include in his initial pleading for the injuries he suffered. The factual allegations in the Complaint suggest that the First Amendment allegations in Count 4 would not survive a *sua sponte* motion to dismiss for factual insufficiency. Because these factually insufficient allegations were included in the complaint by a *pro se* plaintiff who does not appear to be familiar with the law, and because the elimination of Count 4 did not appear to be a manipulative tactic, the Court finds that it would be fair to decline to exercise supplemental

11

jurisdiction over the supplemental state law claims.

Finally, the factor of comity weighs in favor of remand. The nature of the claims against the Defendants, *i.e.*, assault, negligence, negligent supervision, recklessness, and vicarious liability/agency, are all of the type that depend upon New Jersey state law. The state has a strong interest in interpreting issues of state law, and the Superior Court of New Jersey has a much greater interest in adjudicating state law claims than does this Court.

**IV.   CONCLUSION**

In conclusion, it is respectfully recommended that Plaintiff's Motion to Remand (D.E. 10) be **GRANTED.** The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Civil Rule 72.1(c)(2).



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/26/2015 4:51:50 PM